UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

RAYMOND BOWLEG

   Plaintiff(s),

v.

ORACLE CONSULTING GROUP LLC and
ERHABOR IGHODARO

   Defendants.

## COMPLAINT

Plaintiff, RAYMOND BOWLEG ("Plaintiff"), sues the Defendants, ORACLE CONSULTING GROUP LLC ("ORACLE") and ERHABOR IGHODARO ("IGHODARO") (collectively "Defendants") and alleges:

1. This is an action to recover money damages for unpaid overtime under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. Defendant ORACLE is Florida Limited Liability corporation which at all times relevant to this Complaint had its main place of business in Miami-Dade County, and at all times material hereto was engaged in interstate commerce.

4. On information and belief, the Individual Defendant, ERHABOR IGHODARO is an individual whose primary place of residence is Miami-Dade County, Florida, and at all times relevant was owner/manager of ORACLE.

5. Plaintiff is a resident of Miami-Dade County, Florida, and is within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

6. During his employment with Defendants Plaintiff's primary place of work was in Miami-Dade County Florida, within the jurisdiction of this Honorable Court.

7. The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade County, Florida.

8. Plaintiff has retained the undersigned attorneys to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## GENERAL ALLEGATIONS

9. This action is brought by Plaintiff to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

10. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). ORACLE is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, ORACLE operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and ORACLE obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds

outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of ORACLE was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

11.     By reason of the foregoing, ORACLE is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for ORACLE. ORACLE's business activities involve those to which the Act applies. ORACLE is a company that provides commercial cleaning service to multiple locations throughout South Florida, and through its business activity, affects interstate commerce. Plaintiff's work for ORACLE likewise affects interstate commerce. Plaintiff was employed by ORACLE as a cleaning supervisor.

### COUNT I: WAGE AND HOUR VIOLATION AGAINT ORACLE

12.     Plaintiff re-adopts each factual allegation as stated in paragraphs 1-11 above as if set out in full herein.

13.     Plaintiff was employed by the Defendants as a cleaning supervisor from January 18, 2022, until April 5, 2022.

14.     Plaintiff's duties included, sweeping, moping, regularly cleaning the bathrooms, maintaining and stocking the supply closet, and purchasing cleaning supplies.

15.     Although Plaintiff's title was supervisor, he did not fall into any exemption to the Act.

16. Plaintiff was not paid on a salary basis and his primary duties involved non-exempt work.

17. While employed by ORACLE, Plaintiff worked forty (40) hours per week straight time which he was compensated for and approximately thirty-eight (38) hours per week of overtime which he was not properly compensated for.

18. For each pay period, Plaintiff worked approximately seventy-eight (78) hours a week for which he was paid $15/hour.

19. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of his unpaid wages is as follows:

20. Overtime Wages from January 18, 2022, through April 5, 2022 (11 weeks)

    A. Unpaid Overtime: $15.00 x .5 x 38 x 11 = $3,135.00.

    B. Liquidated Damages: $3,135.00

    C. Grand Total: $6,270.00 plus reasonable attorney's fees and costs.

21. ORACLE failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in Plaintiff performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the ORACLE to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act.

22. ORACLE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff since the commencement of his employment with ORACLE as set forth above, and Plaintiff is entitled to recover double damages.

23. ORACLE willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of his employment with ORACLE.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, RAYMOND BOWLEG requests that this Honorable Court:

A. Enter judgment against ORACLE on the basis of ORACLE's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award an equal amount in double damages/liquidated damages; and

D. Award reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT II : WAGE AND HOUR VIOLATION AGAINST ERHABOR IGHODARO

24. Plaintiff re-adopts each factual allegation as stated in paragraphs 1-11 above as if set out in full herein.

25. At the times mentioned, Defendant Ighodaro was, the owner/manager of ORACLE. Defendant Ighodaro was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of ORACLE in relation to the employees of ORACLE, including Plaintiff and others similarly situated. Defendant Ighodaro had operational control of ORACLE, was involved in the day-to-day functions of ORACLE, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

26. Defendant Ighodaro is and was, at all times relevant, a person in control of ORACLE's financial affairs and can cause ORACLE to compensate (or not to compensate) its employees in accordance with the Act.

27. Defendant Ighodaro willfully and intentionally caused Plaintiff not to receive minimum wage as required by the laws of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with the ORACLE as set forth above.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant Ighodaro on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit;

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: September 27, 2022.

Respectfully submitted,

        **s/Brandon J. Gibson**
        Brandon J. Gibson (FBN: 0099411)
        E-mail: bgibson@rtrlaw.com
        REIFKIND, THOMPSON, & RUDZINSKI, LLP
        3333 W. Commercial Blvd, Ste. 200
        Ft. Lauderdale, Florida 33309
        Telephone: (954) 370-5152
        Facsimile: (954) 370-1992
        *Counsel for Plaintiff*